**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) CHYLA GIBBS** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 25-cv-00025-JFJ** |
| | ) | |
| **(1) TRUEACCORD CORP.** | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Chyla Gibbs, an individual consumer, against Defendant, True Accord Corp., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

3. Venue in this District is proper in that the Defendant transacts business in the city of Tulsa, Tulsa County, Oklahoma, and the conduct complained of occurred in Tulsa, Oklahoma.

## III. PARTIES

4. Plaintiff is a natural person residing in Tulsa, Oklahoma.

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Upon information and belief, Defendant is a Kansas corporation with its principal place of business located at 16011 College Blvd, Suite 130, Lenexa, KS 66219 and its registered agent address as follows: INCORP Services Inc, Braniff Building, 324 North Robinson Ave, Oklahoma City, OK 73102.

7. The alleged debt at issue arises from a transaction entered into primarily for personal, family or household purposes and is therefore a "debt" as defined by the FDCPA, 15 USC § 1692a(5).

8. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

9. Defendant is engaged in the collection of debt from consumers using the mail and telephone.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

## IV. FACTS OF THE COMPLAINT

11. On or about October 23, 2024, Plaintiff received email communication from Defendant attempting to collect an alleged debt owed to Sezzle in the amount of $85.00.

12. On or about October 25, 2024, Plaintiff received email communication from Defendant attempting to collect an alleged debt owed to AT&T Mobility in the amount of $1,320.78.

13. On or about December 11, 2024, Plaintiff sent two separate reply emails to Defendant that stated, "I'm not working right now, and I am not paying this," which informed Defendant of Plaintiff's refusal to pay pursuant to 15 U.S.C. § 1692c(c).

14. On or about December 11, 2024, Defendant continued collection efforts by sending two emails to Plaintiff that stated in pertinent part, "Thank you for letting us know. I've made notes to your account and we'll follow up with you to get updates and work with you on getting this taken care of. When you're in a little bit of a better financial situation, please take a look at the payment options you have available and sign up for a payment plan. You can also just contact us to work with us directly on a more customized plan", in violation of 15 U.S.C. § 1692c(c).

15. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of intrusion upon seclusion, invasion of privacy, loss of productive time, decreased ability to focus on tasks while at work, frustration, emotional distress, anger and anxiety, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. §1692c(c)

16. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

17. Defendant's debt collection efforts violated the FDCPA, particularly §1692c(c) states:

> (a) If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease

> further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

18. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

19. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 17, 2025

By: s/ Tiffany Hill

Tiffany Hill, Esq. (OBA# 31332)
PO Box 5302
Edmond, OK 73083
(405) 456-9406
thlegalconsulting@gmail.com
*ATTORNEY FOR PLAINTIFF*